IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RAVENEAUX, LTD. | § | CASE NO 05-37234-H5-11 |
| | § | (CHAPTER 11) |
| DEBTOR. | § | |
| | § | |
| | § | |
| Steamboat Capital II, L.L.C. | § | |
| Movant | § | |
| v. | § | Contested Matter |
| | § | |
| Raveneaux, Ltd. | § | |
| Respondant | § | |

### DEBTOR'S OBJECTION TO MOTION TO COMPEL (Docket #42)

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Raveneaux, Ltd., debtor and debtor-in-possession ("Raveneaux" or "Debtor"), files this Objection to the Motion to Compel (Docket #42 - the "Motion") Filed by Steamboat Capital II, L.L.C. ("Steamboat") and in opposition thereto respectfully shows the Court as follows:

### SUMMARY

1. Document production is complete and unrestricted – even now. The Debtor has voluntarily amended its interrogatory responses -- as it would have if counsel had conferred prior to the motion to compel. The undersigned counsel will testify that the Movant failed to confer, indeed, filed the motion after the parties discussed a moratorium on discovery disputes. Given the breadth of the interrogatories and the simplicity of obtaining the documents, the original answers complied with Rule 33(d).

{L:\rav005\00007\0363372.DOC;1\HMR} 1

## BACKGROUND

2. Steamboat moved to lift the stay, not claiming a lack of adequate protection, but complaining of the Debtor's management. The Debtor has sought to employ a turnaround professional. Meanwhile, after the bankruptcy, the Debtor's cash flow has increased. The Debtor has obtained authority to use cash collateral consensually, and has continued to operate with the consensual use of cash collateral.

3. Under the interim cash collateral orders, Steamboat was given unfettered access to the Debtor's books and records. It has had the right to review records since the case began. However, Steamboat did not review any records until March 17. When it appeared to review records on March 17, it did not go to file cabinets or ask for balance sheets. Instead, it showed the staff a request for production and asked "what documents respond to this category?".

### Document Production Issues

4. The rules allow for two kinds of production – *in situ* or categorized. Categorized production separates documents by the response to which they relate, *in situ* does not. *In situ* production is the production of records as they are kept in the ordinary course. It relies on the requesting attorney to open file cabinets (or ask someone to open them). It relies on the requesting attorney to request computer reports. Steamboat has not done this, not even now, having filed the motion to compel.

5. Steamboat complains that they appeared for an *in situ* production, but nothing was ready, categorized, and copied. True. But the production was (and still is) the mere right to go through the Debtor's file cabinets. To this day, Steamboat has not attempted to open a file cabinet or request a computer report. Production was and is complete – Steamboat need merely appear and begin the process of reviewing documents kept in the ordinary course. The Staff cannot, and is not obligated to, disturb its filing system to produce documents according to categories.

## Interrogatory Issues

6. Steamboat further complains that the Debtor gave generalized descriptions of records when answering interrogatories that called compilations of information. Under Rule 33(d), one can merely specify what records to look at to determine information sought by an interrogatory. "Loan documents" and "financial information" and "Schedules and Statements" were given as sources of information for requests such as "Please describe the Debtor's financial condition and how that financial condition has changed, if any, from January 1, 2004 to the present."[1] The interrogatory is vague and counsel needed to confer. However, opposing counsel did not confer prior to filing the motion to compel.

7. The undersigned relied upon the rule that has been well-established in this court and others that parties <u>confer</u> prior to filing a motion to compel. Counsel, despite his citation to remarks in three dunning letters, has failed to show he actually <u>conferred</u> prior to filing the motion. Indeed, the undersigned discussed a mutual understanding that there would be a "moratorium" on discovery disputes for three business days in a phone conversation evening before the motion. Had counsel called and conferred before filing the motion, it would not have been needed. Movant failed to confer in good faith. Attached as Exhibit "A" are the amended interrogatory responses.

8. Finally, the Motion overstates the legal standard. While it is true that one must sometimes give precise information as to the location of documents, when the request is as broad as "describe the Debtor's financial condition", the request necessitates reference to a broad range of documents. In *United States v. Rachel*, 289 F. Supp. 2d 688, 693 (D. Md. 2003), the government complied with Rule 33(d) when it referred defendants to a garage containing 175 boxes of materials, 10 filing cabinets, and numerous computer diskettes, because the documents were provided as maintained in the "regular course of business" and the interrogatories were broadly worded, which induced the government to

---

[1] Interrogatory Number 7.

produce all available documents. Likewise, a leading treatise points out that "[w]hen the requesting party's interrogatories are extremely broad, the responding party's reference to a large number of documents may be proper, and even necessary, to provide access to all available documents " Moore's Federal Practice and Procedure - Civil § 33.105 (2005).

9. For those interrogatories that can be answered with more specific information, the Debtor has provided more specific information. However, one should note that requests for EBITDA (Interrogatory No. 12) and Cash Flow (Interrogatory No, 8) are commonly known to be found in the income statement. Likewise, liabilities (interrogatories 4, 6, 9, &10) are always found on the balance sheet, with supporting documentation in the nearby filing cabinet. So, the omission of that specification is unlikely to create prejudice to the discovering party.

10. The remedy for insufficient Rule 33(d) answers is not to compel answers (as sought by Steamboat), but to require more precise categorization. See, *See, Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 131 F.R.D. 668, 672 (S.D. Tex. 1990) (Vague categorization cured by ordering more detailed categorization).

## Conclusion

11. The interrogatory responses have been supplemented. The original responses caused no harm to anyone with basic accounting knowledge. Likewise, the document production remains open as an *in situ* production.

WHEREFORE, the Debtor respectfully prays that the Court deny the Motion to Compel and award reasonable attorney's fees and costs against Steamboat's counsel in the amount of $800 and grant such other and further relief as is just and proper.

Dated: March 28, 2005.

Respectfully submitted,

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: _____
EDWARD L. ROTHBERG
State Bar No. 17313990, Fed. I.D. No. 2780
HUGH M. RAY, III
State Bar No. 24004246, Fed. I.D. No. 22090
Eleven Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone:    713.961.9045
Facsimile     713.961.5341
ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been forwarded by first class mail, postage pre-paid, and/or by e-mail, on March 28, 2005, to the parties shown on the attached service list:

_____
HUGH M. RAY, III

**MASTER SERVICE LIST**
**RAVENEAUX, LTD.**

| | | |
|---|---|---|
| Anthony Kindred<br>Raveneaux, Ltd.<br>9415 Cypresswood Drive<br>Spring, TX 77379 | United States Trustee<br>515 Rusk, Suite 3516<br>Houston, TX 77002 | Sterling Bank<br>P.O. Box 924009<br>Houston, TX 77292-4009 |
| Steamboat Capital<br>SPCP Group<br>PO Box 890862<br>Charlotte, NC 28289-0862 | Ingersol Rand (Bobcat)<br>PO Box 6229<br>Carol Stream, IL 60197-6229 | Citicapital (Toro)<br>PO Box 6229<br>Carol Stream, IL 60197-6229 |
| GE Capital (Carts)<br>PO Box 31001 0748<br>Pasadena, CA 91110-0748 | Small Business Administration<br>PO Box 740192<br>Atlanta, GA 30374-0192 | Dennis Evans<br>5811 Cimmaron Creek Ct<br>Spring, TX 77379 |
| Citicapital (2002 Golf Carts)<br>8001 Ridgepoint Dr.<br>Irving, TX 76063-3117 | Citicapital (2000 Golf Carts)<br>8001 Ridgepoint Dr.<br>Irving, TX 76063-3117 | The Right Bank for Texas<br>PO Box 550289<br>Houston, TX 77379 |
| Internal Revenue Service<br>Special Procedures Staff<br>1919 Smith STOP HOU-5022<br>Houston, TX 77002 | Securities & Exchange Commission<br>Attn: Angela Dodd<br>175 W Jackson Blvd Suite 900<br>Chicago IL 60604-2908 | John P. Dillman<br>Linebarger Goggan Blair & Sampson<br>P.O. Box 3064<br>Houston, Texas 77253-3503 |
| Paul Bettencourt<br>Harris County Tax Assessor<br>P O Box 4622<br>Houston TX 77210-4622 | Comptroller of Public Accounts<br>111 E. 17th Street<br>Austin TX 78774-0100 | |
| Creditors Committee & Counsel: | Trent L. Rosenthal / Lee A. Collins<br>Boyar & Miller, P.C.<br>4265 San Felipe, Suite 1200<br>Houston, Texas 77027 | Nu West Golf Course Construction<br>Attn: G. E. O'Neill<br>3835 Dacoma<br>Houston, TX 77092 |
| Champions Printing Publishing<br>Attn: James E. Callahan, Jr.<br>6608 FM1960 W, Ste G<br>Houston, TX 77069 | Michael Watford<br>6519 Wimbledon Trail<br>Spring, TX 77074 | C.W. Stubbs<br>4315 Woodvalley<br>Houston, TX 77096 |
| Metzger Construction<br>Attn: James H. Metzger<br>2055 Silber Rd, Ste 100<br>Houston, TX 77055 | | |

| | | |
|---|---|---|
| Janet Brittain<br>200 Winrow,<br>Jamestown, NC 27282 | Kate Mower<br>31 E. Elm Unit 1-A<br>Chicago, IL 60611 | Von Hagge, Smelek, Baril<br>Attn: Bob Von Hagge<br>17823 Theiss Mail Route<br>Spring, TX 77379 |
| Sysco Food Services<br>PO Box 15316<br>Houston, TX 77220-5316 | BWI-Schulenburg<br>PO Box 459<br>Schulenburg, TX 78956 | Champions Hydro-Lawn<br>Attn: Lou Triche<br>13226 Kaltenbrun<br>Houston, TX 77220-5316 |
| United Healthcare<br>PO Box 41738<br>Philadelphia, PA 19101-1738 | Mizuno USA, Inc.<br>PO Drawer 101831<br>Atlanta, GA 30392-1831 | Footjoy & Titleist /Acushnet<br>Attn: Kathleen M. Matheson<br>PO Box 965<br>Fairhaven, MA 02719 |
| Alexander Engineering<br>Attn: Mark Adam<br>400 Randal Way, Ste 200<br>Spring, TX 77388 | Tail, Inc.<br>PO Box 91-8839<br>Orlando, FL 32891-8839 | Raveneaux, Inc.<br>9415 Cypresswood Dr.<br>Spring, TX 77379 |
| Polo Ralph Lauren<br>Golf Division<br>GPO Box 29628<br>New York, NY 10087 | L. David Anderson<br>McKool Smith, P.C.<br>300 Crescent Ct., Suite 1500<br>Dallas, TX 75201 | Zack A. Clement / Jonathan C. Bolton<br>Fulbright & Jaworski LLP<br>1301 McKinney Street, Suite 5100<br>Houston, Texas 77010 |
| Steamboat Capital II, L.L.C.<br>Attn: Dale Cooney<br>320 Decker Drive, Suite 109<br>Irving, Texas 75062 | David S. Elder<br>Gardere Wynne Sewell LLP<br>1000 Louisiana, Suite 3400<br>Houston, Texas 77002-5007 | Keavin D. McDonald<br>Wilshire Scott & Dyer PC<br>1221 McKinney, Suite 3000<br>Houston, TX 77010 |