IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| RAVENEAUX, LTD., | § | CASE NO. 05-32734-H5-11 |
| | § | |
| DEBTOR. | § | (Chapter 11) |
| | § | |
| STEAMBOAT CAPITAL II, L.L.C., | § | |
| | § | |
| MOVANT, | § | |
| | § | |
| V. | § | CONTESTED MATTER |
| | § | |
| RAVENEAUX, LTD., | § | |
| | § | |
| RESPONDENT. | § | |
| | § | |

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS' RESPONSE TO STEAMBOAT CAPITAL II, L.L.C.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee"), by and through its undersigned counsel, hereby files this Response to Steamboat Capital II, L.L.C.'s Motion for Relief from the Automatic Stay (the "Response"), and, in support thereof, would respectfully show unto the Court the following:

### A. JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. §§ 362.

B. <u>PROCEDURAL BACKGROUND</u>

2.      On or about February 24, 2005 (the "Filing Date"), Raveneaux, Ltd. (the "Debtor"),

filed its voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code"). Debtor's chapter 11 case is pending before the United States Bankruptcy Court for the

Southern District of Texas, Houston Division.   Debtor, as debtor in possession, remains in

possession of its property pursuant to §§1107 and 1108 of the Bankruptcy Code.

3.      On or about March 10, 2005, the Office of the United States Trustee appointed the

initial members of the Committee pursuant to the provisions of 11 U.S.C. § 1102.  The members of

the Committee are as follows: Michael D. Watford, C. W. Stubbs, Nu West Golf Course

Construction, Champions Printing & Publishing, Inc., and Metzger Construction Company.   An

organizational meeting of the Committee was held on March 11, 2005, and the Committee retained

Boyar & Miller, P.C. as its counsel.  On or about March 18, 2005, the Office of the U.S. Trustee

appointed Champions Hydro-Lawn, Inc. as a member of the Committee.

4.      On or about March 1, 2005, Steamboat Capital II, L.L.C. ("Steamboat") filed its

Motion for Relief from the Automatic Stay (the "Motion for Relief" or "Motion") (Docket No. 18).

A hearing on the Motion for Relief has been set for April 6, 2005.  By the Motion for Relief,

Steamboat is seeking relief from the stay so that it can proceed to foreclose on its alleged deed of

trust lien against certain real property and personal property owned by the Debtor as described in the

Motion for Relief (the "Property").  The Property is commonly known as the Raveneaux Country

Club, and includes a 36-hole golf course, swimming pool, tennis courts and country club.

5.      On or about March 29, 2005, the Debtor filed its Answer to Motion for Relief

From Automatic Stay (the "Debtor's Response").

## C. PRELIMINARY STATEMENT

6.       "Cause" does not exist to terminate the automatic stay under Section 362(d)(1) of the Bankruptcy Code.    Additionally, since the Property is necessary for an effective reorganization, the stay should not be terminated under Section 362(d)(2) of the Bankruptcy Code.

7.       The interest of Steamboat is adequately protected.  In this regard, the Debtor has been making substantial payments to Steamboat pursuant to the terms of an Agreed Interim Cash Collateral Order, even though under the rationale of *In re Timbers of Inwood*, an over-secured creditor is not entitled to receive periodic interest payments during the case.

8.       The Committee does not have any independent knowledge as to the value of the Property or the equity in the Property, and is relying on the Debtor's statement as to value. Steamboat has the burden of proof on the Debtor's equity in the property.  The Committee believes that the "equity" cushion adequately protects Steamboat and no further periodic adequate protection payments should be required.  The Committee asserts that the Property is necessary for an effective reorganization.  The Committee denies that "cause" exists to lift the stay.

## D. JOINDER IN DEBTOR'S RESPONSE

9.       Except to the extent that any statement or allegation in the Debtor's Response could be construed to be adverse to the interests of the Committee, the Committee hereby joins in the Debtor's Response and adopts the Debtor's Response and arguments raised therein. Specifically, the Committee does not join in any allegation or statement in the Debtor's Response that is, or could be construed to be, against the interest of the Committee, nor does the Committee join in any response of the Debtor to the specific allegations of the Motion for Relief as such responses are set forth in the Fourth Defense: Responses to Specific Allegations.    The

3

Committee's specific responses to the allegations of the Motion for Relief are set forth below. To the extent of any conflict between the Debtor's Response and this Response, this Response shall govern and control.

E. COMMITTEE'S SPECIFIC RESPONSES TO ALLEGATIONS OF MOTION FOR RELIEF

10.     The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 1 of the Motion. For pleading purposes, the Committee denies each and every allegation of paragraph 1 of the Motion.

11.     The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 2 of the Motion. For pleading purposes, the Committee denies each and every allegation of paragraph 2 of the Motion.

12.     The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 3 of the Motion. For pleading purposes, the Committee denies each and every allegation of paragraph 3 of the Motion.

13.     The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 4 of the Motion. For pleading purposes, the Committee denies each and every allegation of paragraph 4 of the Motion.

14.     The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 5 of the Motion. For pleading purposes, the Committee denies each and every allegation of paragraph 5 of the Motion. The Committee expressly denies that the facts and circumstances of the case warrant the lifting of the automatic stay.

15.     The Committee admits the allegations of paragraph 6 of the Motion, but denies that the Court should grant the Motion.

4

16.    The Committee admits that Raveneaux executed a Note and Loan Agreement in favor of National Credit.  The Committee is without sufficient information to admit or deny the remaining allegations contained in paragraph 7 of the Motion (and the footnote) that Steamboat is the current holder of the Note and Loan Agreement.  The documents attached to the Motion that purports to be copies of the Note and Loan Agreement, but have not been verified.  The Committee denies each and every remaining allegation of paragraph 7 of the Motion.

17.    The Committee states that the loan documents should be reviewed to determine the terms and provisions of the loan, and the documents speak for themselves.  The Committee is without sufficient information or knowledge to admit or deny the remaining allegation of paragraph8 of the Motion.

18.    The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 9 of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 9 of the Motion.

19.    To the extent the allegations of paragraph 10 of the Motion constitutes a legal conclusion, the Committee is not required to admit or deny, but for pleading purposes denies same.  The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 10 of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 10 of the Motion.

20.    To the extent the allegations of paragraph 11 of the Motion constitutes a legal conclusion, the Committee is not required to admit or deny, but for pleading purposes denies same.  The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 11 of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 11 of the Motion.

SDT\003324\00004\164114 4

21.     To the extent that the allegations of paragraph 12(a) of the Motion restate the terms and provisions of the referenced document, the Committee alleges that no response is necessary and that the document speaks for itself and should be reviewed as a whole to determine its contents. The Committee is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 12(a) of the Motion. For pleading purposes, the Committee denies each and every allegation of paragraph 12(a) of the Motion.

22.     To the extent that the allegations of paragraph 12(b) of the Motion restate the terms and provisions of the referenced document, the Committee alleges that no response is necessary and that the document speaks for itself and should be reviewed as a whole to determine its contents. The Committee is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 12(b) of the Motion. For pleading purposes, the Committee denies each and every allegation of paragraph 12(b) of the Motion.

23.     To the extent that the allegations of paragraph 12(c) of the Motion restate the terms and provisions of the referenced document, the Committee alleges that no response is necessary and that the document speaks for itself and should be reviewed as a whole to determine its contents. The Committee is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 12(c), subparts (i) through (iv) of the Motion. For pleading purposes, the Committee denies each and every allegation of paragraph 12(c), subparts (i) through (iv) of the Motion.

24.     To the extent that the allegations of paragraph 12(d) of the Motion restate the terms and provisions of the referenced document, the Committee alleges that no response is necessary and that the document speaks for itself and should be reviewed as a whole to determine its contents. The Committee is without sufficient information or knowledge to admit

6

or deny the remaining allegations of paragraph 12(d) of the Motion. For pleading purposes, the Committee denies each and every allegation of paragraph 12(d) of the Motion.

25.    To the extent that the allegations of paragraph 12(e) of the Motion restate the terms and provisions of the referenced document, the Committee alleges that no response is necessary and that the document speaks for itself and should be reviewed as a whole to determine its contents. The Committee is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 12(e) of the Motion. For pleading purposes, the Committee denies each and every allegation of paragraph 12(e) of the Motion.

26.    To the extent that the allegations of paragraph 12(f) of the Motion restate the terms and provisions of the referenced document, the Committee alleges that no response is necessary and that the document speaks for itself and should be reviewed as a whole to determine its contents. The Committee is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 12(f) of the Motion. For pleading purposes, the Committee denies each and every allegation of paragraph 12(f) of the Motion.

27.    To the extent that the allegations of paragraph 12(g) of the Motion restate the terms and provisions of the referenced document, the Committee alleges that no response is necessary and that the document speaks for itself and should be reviewed as a whole to determine its contents. The Committee is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 12(g) of the Motion. For pleading purposes, the Committee denies each and every allegation of paragraph 12(g) of the Motion.

28.    To the extent that the allegations of paragraph 12(h) of the Motion restate the terms and provisions of the referenced document, the Committee alleges that no response is necessary and that the document speaks for itself and should be reviewed as a whole to

7

determine its contents. The Committee is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 12(h) of the Motion. For pleading purposes, the Committee denies each and every allegation of paragraph 12(h) of the Motion.

29.     To the extent that the allegations of paragraph 12(i) of the Motion restate the terms and provisions of the referenced document, the Committee alleges that no response is necessary and that the document speaks for itself and should be reviewed as a whole to determine its contents. The Committee is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 12(i) of the Motion. For pleading purposes, the Committee denies each and every allegation of paragraph 12(i) of the Motion.

30.     To the extent that the allegations of paragraph 12(j) of the Motion restate the terms and provisions of the referenced document, the Committee alleges that no response is necessary and that the document speaks for itself and should be reviewed as a whole to determine its contents. The Committee is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 12(j) of the Motion. For pleading purposes, the Committee denies each and every allegation of paragraph 12(j) of the Motion.

31.     To the extent that the allegations of paragraph 12(k) of the Motion restate the terms and provisions of the referenced document, the Committee alleges that no response is necessary and that the document speaks for itself and should be reviewed as a whole to determine its contents. The Committee is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 12(k) of the Motion. For pleading purposes, the Committee denies each and every allegation of paragraph 12(k) of the Motion.

8

32.     The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 13 of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 13 of the Motion.

33.     The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 13(a) of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 13(a) of the Motion.

34.     The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 13(b) of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 13(b) of the Motion.

35.     The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 13(c) of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 13(c) of the Motion.

36.     The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 13(d) of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 13(d) of the Motion.

37.     The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 13(e) of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 13(e) of the Motion.

38.     The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 13(f) of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 13(f) of the Motion.

39.     The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 13(g), subparts (i) through (vii) of the Motion.  For pleading

9

purposes, the Committee denies each and every allegation of paragraph 13(g), subparts (i) through (vii) of the Motion.

40.    The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 13(h) of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 13(h) of the Motion.

41.    The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 13(i) of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 13(i) of the Motion.

42.    The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 13(j) of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 13(j) of the Motion.

43.    The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 14 of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 14 of the Motion.

44.    The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 15 of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 15 of the Motion.

45.    The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 16 of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 16 of the Motion.

46.    The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 17 of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 17 of the Motion.

47.     The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 18 of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 18 of the Motion.

48.     The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 19 of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 19 of the Motion.

49.     The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 20 of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 20 of the Motion.

50.     The Committee admits the allegation of the first sentence of paragraph 21 of the Motion.  The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 21 of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 21 of the Motion.

51.     The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 22 of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 22 of the Motion.

52.     The allegations of paragraph 23 of the Motion constitute a legal conclusion and do not require a response.

53.     The allegations of the first two (2) sentences of paragraph 24 of the Motion constitute a legal conclusion and do not require a response.  The Committee denies the allegations in the last sentence of paragraph 24 of the Motion.  The Committee denies that "cause" exists to lift the stay.

11

54.     The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 25 of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 25 of the Motion.

55.     The allegations of paragraph 26 of the Motion state a legal conclusion and do not require a response.

56.     The allegations of paragraph 27 of the Motion state a legal conclusion and do not require a response.

57.     The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 28 of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 28 of the Motion.

58.     The allegations of paragraph 29 of the Motion state a legal conclusion and do not require a response.

59.     The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 30 of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 30 of the Motion.

60.     The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 31 of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 31 of the Motion.

61.     The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 32 of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 32 of the Motion.

62.     The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 33 of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 33 of the Motion.

63.     The Committee is without sufficient information or knowledge to admit or deny the allegations of paragraph 34 of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 34 of the Motion.

64.     The Committee denies the allegation of the first sentence of paragraph 35 of the Motion.  The Committee is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 35 of the Motion.  For pleading purposes, the Committee denies each and every allegation of paragraph 35 of the Motion.

65.     The allegations of paragraph 36 of the Motion constitute a legal conclusion and no response is necessary.

66.     The allegations of paragraph 37 (misnumbered 33 [second]) of the Motion state a legal conclusion and no response is necessary.

67.     The allegations of paragraph 38 (misnumbered 34 [second]) of the Motion constitute a request for relief and no response is necessary.  The Committee denies that the stay should lift.

68.     Response to Prayer for Relief.  The Committee denies that the relief requested by Steamboat should be granted.

F. RESPONSE TO REQUEST FOR RELIEF FROM THE STAY

69.     The Committee alleges that the Motion for Relief should be denied.  Based on the Debtor's allegations, there appears to be equity in the Property over the debt to Steamboat.  The claim of Steamboat is adequately protected by this equity cushion.  Steamboat is also receiving a

13

payment equal to interest due on the indebtedness, which constitutes further adequate protection.[1]   The Property is the Debtor's principal asset and is necessary for the Debtor's effective reorganization.   "Cause" does not exist to terminate the automatic stay under §362(d)(1).  Nor should the stay terminate under §362(d)(2).  Steamboat is receiving monthly payments in instances where the collateral is not declining in value.

70.     This is not merely a two (2) party dispute between the Debtor and Steamboat. The Debtor has substantial unsecured debt, other secured debts and potential obligations owing to certain members of the club for the possible refund of the initiation fee that could be due after 30-years if the member has been a continuous member not in default for such 30-year period. The Debtor is in dire need of a restructuring of its debts pursuant to chapter 11 and the Debtor should be given an opportunity to do so.  The Motion for Relief is premature, unnecessary and should be denied.  Management should be able to focus on the reorganization effort and not be required to devote their time to this ancillary and unnecessary litigation.

71.     The Committee desires to participate in any settlement of the issues raised by Steamboat's Motion for Relief, and reserves its right to object to any such settlement.

### F.  AFFIDAVIT OF CONFERENCE

72.     Attached hereto as **Exhibit "A"** is an Affidavit of Conference concerning the Motion for Relief.

---

[1] The Committee understands that two (2) payments were made in March for the post-petition period from the filing date of February 24, 2005 through late April 2005, which means that the Debtor has paid in advance even though payments are usually made in arrears.

## G.  RESERVATION OF RIGHT TO AMEND

73.    The Committee reserves its right to amend this Response, and/or assert additional claims and/or defenses.

## H.  REQUEST FOR HEARING

74.    In accordance with the local rules for the United States Bankruptcy Court for the Southern District of Texas, the Committee requests that a hearing be held on Steamboat's Motion for Relief.  A hearing on Steamboat's Motion for Relief has been scheduled for April 6, 2005 at 2:30 p.m.

WHEREFORE, PREMISES CONSIDERED, the Committee respectfully requests that this Court enter an Order that (i) denies Steamboat's Motion for Relief; and (iii) grants such other and further relief to which they may be justly entitled.

Respectfully submitted this 30th day of March 2005.

/s/Trent L. Rosenthal
TRENT L. ROSENTHAL
Texas State Bar No. 17282300
LEE A. COLLINS
Texas State Bar No. 00790484
4265 San Felipe, Suite 1200
Houston, Texas 77027
Telephone: (713) 850-7766
Facsimile: (713) 552-1758

COUNSEL FOR THE OFFICIAL
COMMITTEE OF UNSECURED
CREDITORS OF RAVENEAUX, LTD.

OF COUNSEL:

**BOYAR & MILLER, P.C.**
4265 San Felipe, Suite 1200
Houston, Texas 77027
(713) 850-7766

15

CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the above and foregoing was served on March 30, 2005, by the electronic case filing system, if available, or by United States First Class Mail, postage prepaid, to the Debtor, its counsel, the U. S. Trustees, counsel for Steamboat Capital II, L.L.C. (Movant), members of the Official Committee of Unsecured Creditors, and parties requesting notice (if any), as shown on the attached Service List. A true and correct copy of the above and foregoing should also be automatically served by the Clerk on those parties that participate in the ECF system.

/s/Trent L. Rosenthal
Trent L. Rosenthal


VERIFICATION OF TRANSMITTAL TO U.S. TRUSTEE

The undersigned, an attorney, under penalties of perjury, hereby certifies that on March 30, 2005, a true and correct copy of the above and foregoing has been transmitted by the electronic case filing system to United States Trustee for the Southern District of Texas, 515 Rusk, Suite 3516, Houston, Texas 77002.

/s/Trent L. Rosenthal
Trent L. Rosenthal

SDT\003324\00004\164114 4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| RAVENEAUX, LTD., | §<br>§ | CASE NO. 05-32734-H5-11 |
| | § | |
| DEBTOR. | §<br>§ | (Chapter 11) |
| | § | |
| STEAMBOAT CAPITAL II, L.L.C., | §<br>§ | |
| | § | |
| MOVANT, | §<br>§ | |
| | § | |
| V. | §<br>§ | CONTESTED MATTER: |
| | § | |
| RAVENEAUX, LTD., | §<br>§ | |
| | § | |
| RESPONDENT. | §<br>§ | |

## SUMMARY OF EXHIBITS

**Exhibit A**    Affidavit of Conference.

17

RAVENEAUX, LTD., Debtor
Case No. 05-32734-H5-11

## <u>SERVICE LIST</u>

Raveneaux, Ltd.
9415 Cypresswood Dr.
Spring, TX 77379
*Debtor*

Edward L. Rothberg, Esq.
Hugh M. Ray, III, Esq.
Melissa A. Haselden, Esq.
Weycer Kaplan Pulaski and Zuber
11 Greenway Plaza, Suite 1400
Houston, TX 77046
Telephone: 713-961-9045
Facsimile: 713-961-5341

Stephen D. Statham, Esq.
U. S. Trustee
515 Rusk Street, Suite 3516
Houston, TX 77002
Telephone: 713-718-4650
Email: nancy.holley@usdoj.gov

Official Committee of Unsecured Creditors:

**Nu West Golf Course Construction**
Designated Representative:
      G. E. O'Neill
3835 Dacoma
Houston, TX 77092
Tel:   713-681-6160
Fax:   713-681-6155
joneill@westfallgroup.com

**Michael Watford**
6519 Wimbledon Trail
Spring, TX 77074
Tel:   281-876-0120 Ext 300
Fax:   281-876-2831
mwatford@ultrapetroleum.com

**Champions Printing & Publishing, Inc.**
Designated Representative:
      James E. Callahan, Jr.
6608 FM 1960 W.
Houston, TX 77069
Tel:   713-583-7661
Fax:   713-583-2669
jim@championsprinting.com

**C. W. Stubbs**
4315 Woodvalley
Houston, Texas 77096
Tel:   713-725-3136
Fax:   713-721-0424

18

**Metzger Construction Company**
Designated Representative:
James H. Metzger
2055 Silber Rd., Suite 100
Houston, TX 77055
Tel:    713-956-0098
Fax:    713-956-7044
jmetzger@metzgerconst.com

**Champions Hydro-Lawn, Inc.**
Designated Representative
Lou Triche
13226 Kaltenbrun
Houston, Texas 77086
Tel:    281-445-2614
Fax:    281-445-2349
champhydro@houston.rr.com

Trent L. Rosenthal, Esq.
Boyar & Miller, P.C.
4265 San Felipe, Suite 1200
Houston, TX 77027
Telephone: 713-850-7766
Facsimile: 713-552-1758
Email: trosenthal@boyarmiller.com
*Preposed Counsel for the Official Committee
Of Unsecured Creditors*

Parties-in-Interest/Requesting Notice:

Jonathan C. Bolton, Esq.
Fulbright & Jaworski, LLP
1301 McKinney Street, Suite 5100
Houston, TX 77010
Telephone: 713-651-5151
Facsimile: 713-651-5246
*Counsel for Steamboat Capital II, LLC*

John P. Dillman, Esq.
Linebarger Goggan Blair & Sampson
P. O. Box 3064
Houston, TX 77253-3503
Counsel for Harris County

L. David Anderson, Esq.
McKool Smith, P.C.
300 Crescent Ct., Suite 1500
Dallas, TX 75201

David S. Elder
Gardere Wynne Sewell LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007
Telephone: 713-276-5750
Facsimile: 713-276-6750
Email: delder@gardere.com
Counsel for von Hagge, Smelek and Baril

SDT\003324\00004\164114 4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RAVENEAUX, LTD., | § | CASE NO. 05-32734-H5-11 |
| | § | |
| DEBTOR. | § | |
| | § | (Chapter 11) |
| | § | |
| STEAMBOAT CAPITAL II, L.L.C., | § | |
| | § | |
| | § | |
| MOVANT, | § | |
| | § | |
| V. | § | CONTESTED MATTER: |
| | § | |
| RAVENEAUX, LTD., | § | |
| | § | |
| RESPONDENT. | § | |
| | § | |

**AFFIDAVIT OF CONFERENCE ON MOTION FOR RELIEF
FILED BY STEAMBOAT CAPITAL II, L.L.C.**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

 **BEFORE ME,** the undersigned authority, personally appeared **TRENT L. ROSENTHAL,**

known to me and who, being first duly sworn under oath, deposed and made the following

statements.

   I am the attorney of record for the Official Committee of Unsecured Creditors (the
"Committee"). This Affidavit of Conference relates to the Motion for Relief From
the Automatic Stay ("Steamboat's Motion for Relief") filed by Steamboat Capital
II, L.L.C. ("Steamboat").

EXHIBIT "A"
Page 1 of 2

On or about March 28, 2005, I discussed the issues raised by Steamboat's Motion for Relief with counsel for Steamboat, Johnathan C. Bolton. I also discussed the issues with Steamboat's counsel, Zack Clement, on March 29, 2005. However, a settlement has not yet been reached.

I will continue to use good faith efforts to reach a settlement of the issues raised by Steamboat's Motion for Relief. If an agreement is reached, a hearing will not be necessary.

**TRENT L. ROSENTHAL**

**SUBSCRIBED AND SWORN TO BEFORE ME,** the undersigned Notary Public, to certify which witness my hand and official seal on this the 3½ day of March 2005.

SHARON DENISE TAYLOR
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
MARCH 6, 2007

Notary Public Signature

(PERSONALIZED SEAL)

EXHIBIT "A"
Page 2 of 2